IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01356-BNB

ANDRE J. TWITTY, also known as
ANDRE TWITTY, also known as
A. J. TWITTY,

    Applicant,

v.

BLAKE DAVIS,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 8 2010

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Applicant, Andre J. Twitty, also known as Andre Twitty and as A. J. Twitty, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Twitty filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, a supporting brief styled as a motion, and a prisoner's motion and affidavit for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe liberally Mr. Twitty's filings because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110.

The Court will deny the application for the reasons stated below.

A review of this Court's docketing records reveals that this is the tenth § 2241 habeas corpus application Mr. Twitty has filed in this Court challenging his conviction in the United States District Court for the Northern District of Georgia (Northern District of Georgia). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), **abrogated on other grounds by** *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). Therefore, some of the information in this order is taken from prior § 2241 actions Mr. Twitty has initiated in this Court.

In 1999, Mr. Twitty was convicted, following a jury trial in the Northern District of Georgia, in criminal case number 98-00374-CR-1-1, of wilfully communicating a bomb threat via the telephone and threatening federal law enforcement officers and their immediate family members. He was sentenced to 180 months in prison followed by three years of supervised release. On direct appeal, the United States Court of Appeals for the Eleventh Circuit (Eleventh Circuit) affirmed both his conviction and sentence. *See United States v. Twitty*, No. 99-12706, 31 Fed. Appx. 934 (11th Cir. Jan. 8, 2002) (unpublished), **cert denied**, No. 01-9256, 535 U.S. 1029 (Apr. 22, 2002). In 2002, the Northern District of Georgia denied his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. On appeal, the Eleventh Circuit denied a certificate of appealability. *See Twitty v. United States*, No. 04-12805 (11th Cir. Apr. 25, 2005) (unpublished order).

In 2006, in a prior § 2241 action he initiated in this Court, Mr. Twitty attacked his Northern District of Georgia conviction and sentence. *See Twitty v. Wiley*, No. 06-cv-00177-ZLW (D. Colo. Mar. 29, 2006), *aff'd*, No. 06-1234 (10th Cir. July 17, 2006), *cert. denied*, No. 06-6290, 549 U.S. 967 (Oct. 10, 2006).

In 2007, he again attacked his conviction and sentence. *See Twitty v. Wiley*, No. 07-cv-02441-ZLW (D. Colo. Mar. 3, 2008), *appeal dismissed*, No. 08-1118 (10th Cir. June 11, 2008), *appeal dismissed*, No. 08-1277 (10th Cir. Oct. 29, 2008).

In 2008, he attacked his conviction and sentence three more times. *See Twitty v. Wiley*, No. 08-cv-02119-ZLW (D. Colo. Nov. 17, 2008), *appeal filed*, No. 09-1008 (10th Cir. Dec. 31, 2008); *Twitty v. Wiley*, No. 08-cv-02717-ZLW (D. Colo. Mar. 25, 2009); and *Twitty v. Wiley*, No. 08-cv-02823-BNB (D. Colo. Feb. 13, 2009), *appeal filed*, No. 09-1007 (10th Cir. Mar. 12, 2009).

In 2009, he attacked his conviction and sentence twice. *See Twitty v. Wiley*, No. 09-cv-00906-ZLW (D. Colo. June 24, 2009); *Twitty v. Davis*, No. 09-cv-02538-ZLW (D. Colo. January 11, 2010).

In 2010, he previously attacked his conviction and sentence twice. *See Twitty v. Daniels*, No. 10-cv-000634-ZLW (D. Colo. Mar. 31, 2010); *Twitty v. Daniels*, No. 10-cv-00888-ZLW (D. Colo. Apr. 27, 2010). In the instant action, Mr. Twitty once again attacks his conviction and sentence.

The purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under § 2241 attacks the execution of a sentence rather than its validity and must be

filed in the district where the prisoner is confined." ***Bradshaw v. Story***, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." ***Id.*** (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." ***Johnson v. Taylor***, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." ***Williams v. United States***, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." ***Johnson***, 347 F.2d at 366.

Courts have found the remedy provided in § 2255 to be inadequate or ineffective only in extremely limited circumstances. *See, e.g.*, ***Spaulding v. Taylor***, 336 F.2d 192, 193 (10th Cir. 1964) (§ 2255 remedy is ineffective when the sentencing court is abolished); ***Stirone v. Markley***, 345 F.2d 473, 475 (7th Cir. 1965) (suggesting that § 2255 remedy might be ineffective when the sentencing court refuses to consider the § 2255 petition altogether or when the court inordinately delays consideration of the petition) (dictum); ***Cohen v. United States***, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (noting that § 2255 remedy is ineffective when petitioner is sentenced by three courts, none of which could grant complete relief) (dictum).

The fact that Mr. Twitty previously was denied relief in the sentencing court pursuant to § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, the fact that Mr. Twitty may be barred from filing a second or successive § 2255 motion also does not mean that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Therefore, the application will be denied because Mr. Twitty has an adequate and effective remedy pursuant to § 2255 in the Northern District of Georgia. Accordingly, it is

ORDERED that the habeas corpus application filed by Applicant, Andre J. Twitty, also known as Andre Twitty and as A. J. Twitty, is denied and the action dismissed because Mr. Twitty has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Georgia. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __22nd__ day of __June__, 2010.

BY THE COURT:

_____
CHRISTINE A. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01356-BNB

Andre J. Twitty
Reg. No. 18558-018
ADX – Florence
PO Box 8500
Florence, CO 81226-8500

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/22/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk